UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINEYARD VINES, LLC | : |
| v. | : CIV. NO. 3:14CV1096 (JCH) |
| MACBETH COLLECTION, LLC, MACBETH COLLECTION BY MARGARET JOSEPHS, LLC, MACBETH DESIGNS LLC, MARGARET JOSEPHS, and Various JOHN DOES, JANE DOES and XYZ COMPANIES [unidentified] | : |

RULING ON PLAINTIFF'S MOTION TO COMPEL **[DOC. #37]**

Plaintiff Vineyard Vines, LLC seeks an order compelling defendants to respond to plaintiff's First Request for Production and Interrogatories dated February 11, 2015, disclose the identity of various 30(b)(6) witnesses, designate and produce the witnesses for attendance at the properly noticed depositions and for sanctions pursuant to Federal Rule of Civil Procedure 37(a)(3), (c)(1) and (d)(1-3). A telephone status conference was held on May 6, 2015. For the reasons that follow, plaintiff's Motion to Compel **[Doc. #37]** is **GRANTED**.

A district court has wide discretion to impose sanctions under Federal Rule of Civil Procedure 37, and its ruling will be reversed only if it constitutes an abuse of discretion. Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006). The party requesting sanctions under Rule 37 bears the burden of

1

showing that the opposing party failed to timely disclose information required by Rule 26.  "[A] complete failure by a party to appear at his or her deposition, or to respond to interrogatories or requests for production, in that no answers, objections, or responses of any kind are served, and no motion for protective order is filed, then the moving party has immediate access to a wide range of sanctions, provided that the party has attempted in good faith to secure a response through negotiation."  7 James Wm. Moore, Moore's Federal Practice §37.03  (3d ed. 2014); see Fed. R. Civ. P. 37(d).

    Plaintiff has satisfied its burden to obtain Rule 37 sanctions by establishing that defendants failed to respond to requests for production and interrogatories within thirty days of service and plaintiff made a good faith effort to meet and confer in an attempt to resolve the discovery issues. [Sharinn Aff. ¶26-27]; see D. Conn. L. Civ. R. 37(a)(meet and confer obligation).  Defendants' counsel "admits that [he] mistakenly failed to calendar the response dates for the discovery" and "informed plaintiff that the recent transition to a solo practice had impacted its resources (namely an over-extension of time), but that responses would be forthcoming." [Doc. #45 at 3].  It is undisputed that defendants' responses to plaintiff's First Request for Production of Documents and Interrogatories dated February 11, 2015, were due on March 16, 2015,[1] and that

---

[1] After a meet and confer on March 20, 2015, plaintiff agreed to extend the deadline to March 24, 2015. Notwithstanding, defendants' counsel sent an email on March 25, 2015, stating "I am in the process of finalizing the multiple discovery responses

2

defendants failed to file a timely response or objection. [Doc. #37-1, Sharinn Aff. ¶15]. In addition, Notices of Deposition were electronically served on February 11 and 12, 2015, for 30(b)(6) depositions of the corporate defendants and the individual defendant on March 4-7, 2015. [Sharinn Aff. ¶¶18-19]. Despite repeated efforts by plaintiff's counsel to get responses to discovery requests and to reschedule the depositions, and despite repeated assurances by defendants' counsel that compliance was forthcoming, discovery responses and dates for the four noticed depositions were not provided.[2] [Sharinn Aff. ¶¶20-30]. Plaintiff's Motion to Compel was filed on April 14, 2015. [Doc. #37]. Defendants stated in the response to the Motion to Compel, dated May 5, 2015, that they were "serving under separate cover responses to discovery . . . to each of the eight (8) sets of discovery." [Doc. #45 at 1]. Defendants failed to state whether they have responded to the outstanding Notices of Deposition and rescheduled the depositions. Notwithstanding this representation, the parties reported in a Joint Status Report on May 7, 2015, that defendants did not produce any responses to discovery, nor have they responded to the Notices for Deposition. [Doc. #46 at 6].

---

and will have the same to you shortly. Before there are any accusations of purposeful delay on the part of my client, please understand that the additional time is the result of my schedule and limited resources/man power." [Doc. 37-1, Ex. R]. No responses were filed and plaintiff filed this Motion to Compel on April 14, 2015.
[2]Beginning in August 2014, plaintiff has sought documentation promised by defendants to support their contention that they were not engaging in infringing conduct. [Sharinn Aff. ¶¶4-14].

On May 7, 2015, during a telephonic status conference, the Court indicated that the Court planned to grant the plaintiff's Motion to Compel and ordered defendant to produce responses to plaintiff's First Request for Production and Interrogatories dated February 11, 2015, disclose the identity of various 30(b)(6) witnesses, designate and produce the witnesses for attendance at the properly noticed depositions in response to the Notices for Deposition dated February 11 and 12, 2015, by **Wednesday, May 13, 2015 at 12:00 PM.** Plaintiff will report back to the Court by the close of business on May 13, 2015, regarding the status of defendants' production. Defendants have offered no explanation for failing to provide this discovery despite repeated well-documented assurances to plaintiff and in filings to the Court.

Plaintiff seeks reasonable attorneys' fees and costs incurred in filing the motion to compel and "such other sanctions that this Court deems appropriate including, but not limited to, exclusion of defendants' evidence concerning liability, intent and willfulness." [Doc. #37 at 2].

> Upon finding that the moving party has carried its burden under Rule 37, Fed. R. Civ. P., the court should endeavor to impose a sanction that will restore the parties to the position they would have occupied but for the breach of discovery obligations and deter future misconduct.

In re September 11th Liability Ins. Coverage Cases, 243 F.R.D. 114, 131-32 (2d Cir. 2007) (internal citation omitted). Appropriate sanctions may include payment of "reasonable expenses, including attorney's fees, caused by the failure" to answer interrogatories and requests for production. Fed. R. Civ.

4

P. 37(d); 7 Moore's Federal Practice §37.90 ("The misconduct at which [Rule 37](d) is directed consists of a party's complete failure to respond, by way of appearance, objection, answer, or motion for protective order, to a discovery request." (emphasis added)).

Defendants have made no showing that their failure to file a timely response to plaintiff's Request for Production and Interrogatories was "substantially justified" or that "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

CONCLUSION

Accordingly, plaintiff's Motion to Compel **[Doc. #37]** is **GRANTED**.

Plaintiff will file a motion for attorney's fees and costs with supporting documentation by **May 21, 2015**. Defendants' response is due on or before **June 4, 2015**.

The Court reserves decision on further sanctions until after defendants respond to the First Set of Requests for Production and Interrogatories and Notices of Deposition. Defendants' compliance is due on **May 13, 2015 by 12:00PM**.

Failure to comply with this ruling and order may result in the entry of further sanctions.

The deadline for the close of discovery is **July 15, 2015**. Dispositive motions and the Joint Trial Memoranda are due by **August 12, 2015**.

This is not a recommended ruling. This is a discovery ruling and ruling on a motion for attorney's fees which is

5

reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

    Entered at New Haven this 8th day of May 2015.

                          /s/
                    SARAH A. L. MERRIAM
                    UNITED STATES MAGISTRATE JUDGE