UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------x
:
VINEYARD VINES, LLC :
:
                Plaintiff, :
v. :   Civil Action No.:  3:14-cv-01096-JCH
:
:
:
MACBETH COLLECTION, L.L.C., :
MACBETH COLLECTION BY :
MARGARET JOSEPHS, LLC, :
MACBETH DESIGNS LLC, :
MARGARET JOSEPHS, and :
various JOHN DOES, JANE DOES and :
XYZ COMPANIES (Unidentified), :
:
                Defendants. :
---------------------------------------------------x

**MOTION FOR PARTIAL RECONSIDERATION**

      Pursuant to Local Rule 7(c), Defendants, MacBeth Collection, L.L.C., MacBeth Collection by Margaret Josephs, LLC, MacBeth Designs LLC and Margaret Josephs (collectively referred to as "MacBeth") hereby respectfully submit this Memorandum in support of their Motion for Partial Reconsideration of the Court's ruling of December 5, 2018.

      The instant Motion for Reconsideration is limited to two (2) related issues in the Court's ruling. The first being the applicable standard of proof that must be applied in determining the alleged violation of the Court's Order and Permanent Injunction. As set forth herein, MacBeth respectfully asserts that the standard of proof to establish such a violation is by "clear and

1

convincing evidence" and not by a "preponderance of the evidence" as applied in the Court's decision.  Of the two theories of alleged violations addressed by the Court, only the one related to the issue of Access Bags is deemed to have satisfied the low burden of preponderance.  But, as the Court noted, there exists contradictory evidence to the purported violation, and the evidence relied upon supports an "inference" of the supposed violation.  (See pp. 25 and 27 of the Court's Ruling).  Applying the applicable clear and convincing standard to the record, the plaintiff has not met its burden to establish a violation of the injunction via Access Bags or any other theory.

The evidence relied on to establish the alleged violation concerning Access Bags relates to the second issue for reconsideration; namely, that the facts before the Court do not support a finding of a violation of the Permanent Injunction in relation to Access Bags under the applicable clear and convincing standard (or any standard for that matter).  As demonstrated below, there is ample support to establish that MacBeth did not "enable others to sell or pass off" infringing items or otherwise "assist[ed], aid[ed] or abet[ed]" Access Bags in violating the Permanent Injunction.  Quite the contrary, the documentary evidence establishes that MacBeth complied with the Court's Order and instructed third parties - including Access Bags - to cease all sales of any allegedly infringing items.  In fact, there are statements made directly from Access Bags which unequivocally, and under any standard applied, demonstrate that MacBeth did not violate the injunction as alleged.

MacBeth submits its Memorandum in Support of this Motion, the Affidavit of Margaret Josephs and the Affidavit of Ralph Nasar herewith.

WHEREFORE, MacBeth respectfully requests that this Honorable Court reconsider its December 5, 2018 ruling in so much as the applicable burden of proof for the plaintiff to establish a violation of a Court order is by clear and convincing evidence and that further, under such standard, the plaintiff has not met its burden.

    Respectfully submitted,
MACBETH COLLECTION, L.L.C.,
MACBETH COLLECTION BY
MARGARET JOSEPHS, LLC,
MACBETH DESIGNS LLC,
MARGARET JOSEPHS
By their attorney,


*/s/ Timothy P. Frawley*
Timothy P. Frawley
The Law Offices of Timothy P. Frawley
One International Place, 14th Floor
Boston, MA  02109
(617) 535-7712
timothy.Frawley@tfrawleylaw.com

Dated:  August 9, 2017


**CERTIFICATION**

I hereby certify that on December 12, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all counsel of record via the Court's electronic filing system.  Parties may access this filing through the Court's system.


   */s/  Timothy P. Frawley*