UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------x
                :

VINEYARD VINES, LLC             :

                :

       Plaintiff,     :

v.              :    Civil Action No.:  3:14-cv-01096-JCH

                :

                :

                :

MACBETH COLLECTION, L.L.C.,    :

MACBETH COLLECTION BY       :

MARGARET JOSEPHS, LLC,      :

MACBETH DESIGNS LLC,        :

MARGARET JOSEPHS, and      :

various JOHN DOES, JANE DOES and    :

XYZ COMPANIES (Unidentified),     :

                :

       Defendants.    :
---------------------------------------------------x

## AFFIDAVIT OF MARGARET JOSEPHS

I, Margaret Josephs, being duly under oath, do hereby depose and say as follows:

1.     I am the President of MacBeth Designs LLC (hereinafter referred to as "MacBeth").

2.     I make this affidavit in support of the Defendants' Motion for Partial Consideration of the Court's December 5, 2018 ruling.

3.     Among other things, the Permanent Injunction in this matter enjoined and restrained MacBeth, including its corporate parents, subsidiaries, directors, offices, agents, servants, employees representatives, confederates and any other persons or entities acting in concert  with them including, but not limited to, any and all licensees, distributors, wholesale customers,  and manufacturers from the following, in relevant part:

       a.     using, and design depicting, embodying, representing or otherwise relying upon a whale likeness or representation in any form, whether new land novel or otherwise known within the public domain ("Whale Image") or all or any part of the Vineyard IP;

       b.     any and all uses (whether commercial or non-commercial, direct or indirect) of a Whale Image or al or part of the Vineyard IP, or anything confusingly similar to such;

       c.     passing off, inducing, or enabling others to sell or pass off any clothing or fashion accessories that are not Vineyard Vines genuine products;

       d.     committing any other acts calculated to cause purchasers to believe the Infringing Products are Vineyard Vines' products;

e.     importing, exporting, shipping, delivering, holding for sale, offering for sale, selling, distributing, returning, transferring and/otherwise moving or disposing of in any manner, any consumer goods, including clothing, accessories, jewelry and home goods falsely bearing a Vineyard IP;

f.     making any representations that they are authorized, licensed or other permitted by Vineyard Vines to import, export, ship, deliver, distribute, offer for sale or sell Vineyard Vines' genuine products;

g.     importing, exporting, shipping, delivering, distributing, offering for sale or selling used, repaired, reconditioned or re-manufactured products belong to or of Vineyard Vines;

h.     assisting, aiding, or abetting any other person or business entity in engaging in the above-referenced activities.

4.     MacBeth has unequivocally complied with the terms of the Agreed-to Order. In fact, even prior to entry of the order, I personally instructed and oversaw the removal of anything closely resembling a whale from MacBeth's website.   MacBeth's website is continually monitored by myself and my staff to ensure continued compliance.   There are no whale images under any webpage that is controlled by MacBeth.

5.     On December 15, 2015 - after being instructed by MacBeth to remove all whale products - Access Bags submitted an invoice to MacBeth, charging MacBeth because "[Access Bags has] to open 1,047 cartons, remove the whale tote bags, repack and close each carton."   A true and accurate copy of the December 15, 2014 invoice submitted by Access Bags from Mr. Simonides is attached hereto as **Exhibit A**.

6.     On April 30, 2015 Kurt Simonides contacted Ralph Nasar (in writing) of MacBeth, stating:

I haven't seen your Lawyers termination letter you said you have written up regarding

Access License with Kennedy Int./MACBETH agreement and the fact that our

two                companies are mutually parting ways.  This is due to the whole bag program

on the                MACBETH website is one with Access as we discussed.


Please forward that to me as soon as possible.

A true and accurate copy of the April 30, 2015 email is attached hereto as **Exhibit B**.

7.     A cursory review of **Exhibit B** reveals the animosity Access Bags and Ms. Simonides had for MacBeth relating to various business expectations.   Contrary to his claim that he was verbally told by MacBeth that Access Bags could sell the whale products, on June 11, 2015, during the same string of emails, Mr. Simonides admits that "...*I think it was fair not to charge [MacBeth] the $23,000 whale tote fiasco for all we paid*, lost in TJX etc. for the end $."  See **Exhibit B**.

8.     In August 2015, Mr. Nasar informed MacBeth's licensing counsel - in writing - that Mr. Simonides held MacBeth responsible for the whale bags he produced and that MacBeth informed he cannot sell because of the injunction issue.   A redacted copy of an August 26, 2015 email is attached hereto as **Exhibit C.**

9.     Access Bags' own counsel contacted MacBeth in September of 2015 indicating that his client was damaged by way of, among other things, "unsaleable inventory."   A true and accurate copy of the September 30, 2015 email is attached hereto as **Exhibit D**.

10.     MacBeth continues to be vigilant in its duties under the agreed-to order.

11.     Since the entry of the agreed-to order, and for some time before, MacBeth ceased using the whale design complained of in the Amended Complaint.

12.     The products at issue were designed in 2013 and put into the market in or around 2014.  No additional products with a whale design have been designed since that time.

13.     To date, the total royalties received by MacBeth in connection with the whale design complained of in the Amended Complaint is $9,159.13.   This figure dates back to when the infringement allegations first arose and MacBeth agreed to cease using any whale design.

Signed under the pains and penalties of perjury this 12th day of December, 2018.

Margaret Josephs

4