UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
:
VINEYARD VINES, LLC              :    Civil No. 3:14CV01096(SALM)
:
v.                               :
:
MACBETH COLLECTION, L.L.C.,      :    January 9, 2019
et al.                           :
:
------------------------------x

**RULING RE: MOTION FOR PARTIAL RECONSIDERATION [Doc. #136]**

On December 5, 2018, the Court issued a ruling (the "December Ruling") granting, in part, and denying, in part, a motion filed by plaintiff Vineyard Vines, LLC ("plaintiff") seeking additional relief, including enforcement of the judgment previously entered in this case. See Doc. #134. Defendants MacBeth Collection, L.L.C., MacBeth Collection By Margaret Josephs, LLC, MacBeth Designs LLC, and Margaret Josephs (collectively, "defendants"), now move for "partial reconsideration" of the Court's December Ruling. See Doc. #136. For the reasons set forth herein, the defendants' Motion for Partial Reconsideration [**Doc. #136**] is **DENIED**.

I.   **STANDARD FOR RECONSIDERATION**

The Local Rules of Civil Procedure provide the standard for motions for reconsideration. "Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be

denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)(1).

> Motions for reconsideration
>
> must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court. A motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits or otherwise taking a second bite at the apple.

Steiner v. Lewmar, Inc., No. 3:09CV1976(DJS), 2016 WL 9113438, at *1 (D. Conn. Oct. 12, 2016) (citations and quotation marks omitted). For reconsideration to be appropriate,

> the motion must demonstrate that newly discovered facts exist that require consideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to consider an aspect of the law presented by the moving party which, if left unredressed, would result in a clear error or cause manifest injustice.

Morien v. Munich Reinsurance Am., Inc., 270 F.R.D. 65, 69 (D. Conn. 2010) (citations and quotation marks omitted).

## II. DISCUSSION

Defendants appear to proceed under both prongs of the Local Rule's standard, asserting that (1) the Court applied the wrong standard to its review of the plaintiff's motion and (2) the evidence previously submitted does not support the Court's finding or, in the alternative, new evidence is available that would affect the Court's decision.

**A. The Motion does not cite any intervening change in the law or point to any controlling decision or aspect of the law that the Court overlooked.**

As the Court noted in the December Ruling, neither party made any argument in the extensive briefing provided regarding the burden of proof applicable to a claim that the terms of a permanent injunction and/or consent judgment had been violated. See Doc. #134 at 15 ("Neither party articulates the standard of proof that must be met by plaintiff in establishing that the Permanent Injunction has been violated for purposes of awarding liquidated damages."). The Court therefore made its own determination as to the appropriate burden of proof, finding that plaintiff would need to establish a violation of the Permanent Injunction, for purposes of the award of liquidated damages -- a remedy available here only by virtue of the parties' agreement to it in their settlement agreement -- by the preponderance of the evidence. See id. at 15-17.

Defendants do not contend that there has been any change in the law on this point. Rather, defendants argue, in effect, that the only mechanism for enforcement of the settlement agreement and consent judgment in this case is a finding of civil contempt. See Doc. #136-1 at 3-4. Defendants are incorrect. See, e.g., United States v. Visa U.S.A., Inc., No. 98CV7076(BSJ), 2007 WL 1741885, at *3 (S.D.N.Y. June 15, 2007) ("Visa argues: (1) that as a procedural matter, a party may enforce a court

order only through a contempt proceeding; and (2) that contempt standards should nevertheless apply here in light of the nature of MasterCard's proposed remedy. Visa is mistaken on both accounts."); Canada Dry Delaware Valley Bottling Co. v. Hornell Brewing Co., No. 11CV4308(PGG), 2013 WL 5434623, at *7 (S.D.N.Y. Sept. 30, 2013) ("Canada Dry bears the burden of proving by a preponderance of evidence that Hornell violated the Judgment."); State of N.Y. by Abrams v. Primestar Partners, L.P., No. 93CV3868(JES), 1993 WL 720677, at *12 (S.D.N.Y. Sept. 14, 1993) ("[Plaintiffs] shall bear the burden of proving a violation of this Final Judgment by a preponderance of the evidence.").

In this case, the parties negotiated a settlement agreement that included a liquidated damages clause, and detailed the circumstances under which the liquidated damages could be triggered. See Doc. #95 at 15. That settlement agreement was confirmed and memorialized, and "so ordered" by the Court, in a Final Judgment and Permanent Injunction. See Doc. #70. The liquidated damages provision appears in that Final Judgment:

> [I]n the event Defendants violate this Injunction, breach the Settlement Agreement, or fail to timely pay an installment payment, Vineyard Vines shall be entitled to: (a) liquidated damages in the amount of Five Hundred Thousand Dollars ($500,000.00)[.]

Doc. #70 at 6.

Plaintiff has every right to seek enforcement of this liquidated damages provision of the settlement agreement. The

Court need not find any party in contempt in order to find that the settlement agreement, including its liquidated damages clause, as embodied in the Final Judgment and Permanent Injunction, is valid and enforceable. That was, and remains, the Court's finding. The proper standard by which to evaluate any breach of the agreement is preponderance of the evidence. The cases cited by defendants in support of reconsideration do not alter the Court's conclusion; rather, the cases cited simply confirm the Court's own holding, in the December Ruling, that the standard for a finding of civil contempt is clear and convincing evidence. See Doc. #134 at 37-38.

Plaintiff moved for various forms of relief in its motions, asking the Court, inter alia, to enforce the Judgment and settlement agreement, including by an award of liquidated damages. See Doc. #77 (seeking "$500,000 in liquidated damages in accordance with the Consent Judgment"); Doc. #113; Doc. #113-2 at 2 (seeking "$500,000 in liquidated damages in accordance with the Final Judgment and Settlement Agreement"). Plaintiff also sought "coercive sanctions," Doc. #133 at 2, and an order of contempt against defendants, see Doc. #113-2 at 7 (arguing that the Court should find defendants liable for civil contempt). In the December Ruling, the Court addressed these alternative requests for relief separately, under the standard appropriate to each, and found plaintiff was entitled to one (an

award of liquidated damages) but not the other (a finding of contempt). Defendants have offered no legitimate basis on which the Court should reconsider the standard applied to either inquiry.

    **B.    The Motion does not provide any "newly discovered evidence" that would affect the outcome.**

Defendants next argue that the evidence previously provided to the Court was not sufficient to establish a violation of the Permanent Injunction, by a clear and convincing evidence standard. See Doc. #136-1 at 8 ("[T]he plaintiff has not established by clear and convincing evidence that MacBeth violated the Permanent Injunction."). This argument does not support reconsideration, for two reasons. First, as set forth above, the relevant standard under which the Court found a violation of the Permanent Injunction was preponderance of the evidence, not clear and convincing evidence. Second, if defendants are asking the Court to reconsider the evidence already received, that is the quintessential purpose for which a motion to reconsider is not permitted. Torcasio v. New Canaan Bd. of Ed., No. 3:15CV00053(AWT), 2016 WL 1275028, at *3 (D. Conn. Apr. 1, 2016) ("[P]laintiff simply attempts a second bite at the proverbial apple; namely, relitigation of an issue which has already been decided. This does not justify the Court's granting reconsideration.").

The Court did not overlook any of the evidence pointed to by defendants. To the contrary, the Court reviewed all of the evidence in the record, including each item pointed to by defendants. There is no basis for reconsideration of that evidence simply because defendants disagree with the Court's evaluation of it.

Defendants have also submitted two additional affidavits with the motion for reconsideration, presumably asking that the Court rely upon this "new" evidence to reverse its December Ruling. One is an affidavit of Margaret Josephs, who submitted an affidavit in the original briefing on this matter. The other is an affidavit of Ralph Nasar, who notably did not provide any affidavit in connection with the original briefing. See Doc. #134 at 27 ("Indeed, defendants have not even offered an affidavit of Nasar to attest to the truthfulness and accuracy of the email to counsel."). The evidence offered, however, is not new. "In order to succeed on a motion for reconsideration based on newly discovered evidence, the evidence must be truly newly discovered or could not have been found by due diligence." Kopperl v. Bain, No. 3:09CV01754(CSH), 2016 WL 310719, at *3 (D. Conn. Jan. 26, 2016) (citation and quotation marks omitted). Ordinarily, a "party seeking reconsideration may not advance new facts, issues or arguments not previously presented to the Court." Hayes v. Bruno, No. 3:14CV1203(AWT), 2015 WL 13644604,

at *1 (D. Conn. Oct. 7, 2015) (citation and quotation marks omitted). That is precisely what defendants seek to do here.

Defendants offer no explanation as to why Josephs could not have provided the information now offered in her original affidavit, nor why Nasar could not have provided an affidavit while the matter was under consideration. The evidence offered at this late hour not only <u>could</u> have been presented with the original briefing, it is in fact largely repetitive of the evidence already before the Court. The "new" evidence offered provides no basis for reconsideration of the December Ruling.

## III. CONCLUSION

For the reasons set forth herein, defendants' Motion for Partial Reconsideration [**Doc. #136**] is **DENIED**.

It is so ordered.

Dated at New Haven, Connecticut, this 9th day of January, 2019.

                                      /s/
                                HON. SARAH A. L. MERRIAM
                                UNITED STATES MAGISTRATE JUDGE